DORSEY v INDUSTRIAL COMMISSION

Ohio Appeals, 9th Dist, Summit Co

No 2588.   Decided Sept 23, 1935

Emmer Martin Lancaster, Akron, for plaintiff in error.

John W. Bricker, Attorney General, Columbus, Herbert W. Mitchell, Asst. Atty. Gen., Columbus, and Herman E. Werner, Prosecuting Attorney, Akron, for defendant in error.

**OPINION**

By WASHBURN, J.

It is true that there is evidence in the record tending to weaken the probability of the truthfulness of much of the evidence tending to prove many of the facts hereinbefore enumerated. but we find that the evidence in the record presented an issue as to whether the plaintiff suffered an injury in the course of his employment, at the time and place claimed, which was compensable under the Workmen's Compensation Act.

If the testimony upon behalf of the plaintiff was true, the attempted lifting of a basket of such unexpected weight, while in the unusual position claimed, might reasonably be expected to result in a sprain of the weakened part of plaintiff's body, as claimed, and that would justify the jury in finding that there was an injury within the meaning of said law; and the determination of that issue by the court against the plaintiff, and the rendering of judgment on such determination, was erroneous, for which error the judgment will have to be reversed.

We further hold that the evidence offered by the defendant as to the terms of a claimed policy of group insurance, and which was excluded by the Industrial Commission but admitted by the Common Pleas Court, was incompetent because it violated the best evidence rule, and that all of the other evidence as to such insurance was likewise incompetent because there was no competent evidence as to the terms of said policy of insurance.

Much of the evidence with reference to the former injury was received without objection, and fully established the nature and extent of such injury; and it was not prejudicial error for the court to refuse to admit several exhibits offered by plaintiff, showing the proceedings of the commission upon said claim, as said exhibits merely tended to prove that which had been fully established by evidence which had been admitted without objection.

We also hold that the court should have permitted to be read the answer to question 28 on page 4 of the transcript of the evidence taken before the referee upon rehearing; also the part of the answer to question 34 on page 9 of said transcript, relating to what the doctor did in making the examination of plaintiff; also that part of the answer to question 45 on page 11 of

said record as to what the plaintiff did in directing that word be sent to his employer; and also that part of the answer to question 17 on page 22 of said transcript as to what instruction the plaintiff gave the witness about getting a doctor, and what the witness did with reference thereto.

For the error of the trial court in directing a verdict and rendering judgment in favor of the defendant, the judgment is reversed and the cause remanded.

FUNK, PJ, and STEVENS, J, concur in judgment.